STATE OF INDIANA *v.* PIERCY

[No. 28,440. Filed March 25, 1949.]

*Cleon H. Foust,* Attorney General, *Merl M. Wall,* Deputy Attorney General, *Judson L. Stark,* Prosecuting Attorney; *John H. Dailey,* of Indianapolis (of Counsel), for appellant.

*David M. Lewis* and *Edwin McClure,* both of Indianapolis, for appellee.

*Edwin Steers, Sr.,* as *amicus curiae.*

STARR, C. J.—This is an indictment for the violation of the Indiana Election Code. This Code was adopted in 1945 and is Chapter 208 of the Acts of the Indiana General Assembly of that year and is §§ 29-2801 to 29-6003, Burns' 1933 (1946 Supp.).

It was charged that the appellee did, on or about March 16, 1946, unlawfully, feloniously and falsely make and file with the County Clerk of Marion County; his declaration of candidacy for precinct committeeman for the Ninth Precinct of the Fifteenth Ward of the City of Indianapolis, in the primary election to be held on

the 7th day of May, 1946, in that the appellee in said declaration of candidacy stated and certified that he was a qualified voter of said precinct and resided therein, which statement was false. Appellee moved to quash this indictment for the reason: first, that the same did not state facts sufficient to constitute a public offense; second, that the offense was not stated with sufficient certainty. This motion was sustained. The State has appealed and assigned as error the sustaining of the motion to quash.

Section 29-3604, Burns' 1933 (1946 Supp.) being § 86 of the Indiana Election Code, provides, among other things, that on the first Tuesday after the first Monday in May of each year in which a general election is held, at which state, county or township officers are to be elected, a primary election shall be held in each and every precinct in the state, and that at such primary election there shall be elected a precinct committeeman for each precinct in the county from each of the political parties.

Section 87 of the Code which is § 29-3605, Burns' 1933 (1946 Supp.) provides that the name of no candidate for precinct committeeman shall be printed upon an official primary ballot unless at least thirty days and not more than sixty days prior to said primary election, he shall file a declaration with the clerk of the circuit court "in substantially the following form:

## DECLARATION OF CANDIDACY

County of _____ } ss:
State of Indiana

I, _____, the under-
    (Name must be printed or typewritten)
signed, do hereby certify that I am a qualified voter

of _____ precinct of the Township of _____ or of the _____ ward of the City or Town of _____, County of _____, State of Indiana, and reside at _____;

(Complete residence address must be inserted) that I am a member of the _____ party; and request that you place my name on the official primary ballot of said party to be voted on for the office of _____ at the primary election to be held on the _____ day of _____, 19____.

(Signature) _____

Filed in the office of the _____ this _____, day of _____, 19____."

We have searched this entire Code and find there is nothing therein making it a crime to file a false declaration of candidacy such as alleged was done by the appellee.

The appellant relies upon § 29-5963 which is § 449 of the original act. This is the general penal clause of the Election Code which provides that "Any person who violates any provision of this act . . . for which a specific penalty is not otherwise provided, shall be guilty of a misdemeanor." It contends that this provision when read in connection with § 29-3605 constitutes a definition of the crime attempted to be charged; with this we cannot agree. Neither of these sections provides that the filing of a false declaration of candidacy shall be unlawful.

It will be noted that § 434 of said Act which is § 29-5948, Burns' 1933 (1946 Supp.) specifically makes it unlawful for any person to "falsely make . . . any certificate or petition of nomination. . . ." Also, § 444 of this Act, which is § 29-5958, Burns' 1933 (1946 Supp.), makes it criminal

for knowingly filing a false affidavit under any of the provisions of the Act. Nowhere, under the portion of said Act defining offenses and providing penalties, is it provided that the making of a false declaration of candidacy shall be a criminal offense. We cannot construe the above term "petition of nomination" in said § 434 as synonymous with the word "declaration of candidacy" as used in said § 87. There is no provision in our general Criminal Code which would make the alleged act of the appellee criminal.

The motion to quash this indictment was properly sustained.

Judgment Affirmed.

NOTE.—Reported in 84 N. E. 2d 708.